**Laura BUSHELL–MCINTYRE, an individual, Plaintiff— Appellant,**

**and**

**Bryon McIntyre, an individual, Plaintiff,**

**v.**

**CITY OF SAN JOSE; William Lansdowne, as Chief of the San Jose Police Department; William Foster, Officer; John Laws, Sgt.; Ric Abetya, Chief, Defendants—Appellees.**

No. 05–17005.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Oct. 30, 2007.

Phyllis E. Andelin, Esq., Sausalito, CA, M. Jeffrey Kallis, Esq., San Jose, CA, for Plaintiff.

David M. Rollo, Esq., Nora Valerie Frimann, Esq., Robert Baker Burchfiel, Esq., San Jose City Attorney's Office, Alan F. Hunter, Esq., Gavin & Cunningham, San Jose, CA, for Defendants–Appellees.

Before: BEEZER, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM [*]

Laura Bushell–McIntyre appeals the district court's order granting judgment as a matter of law as to her federal unlawful arrest and excessive force claims and her state false arrest and unreasonable force claims. We review de novo. *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1086 (9th Cir.2005), *cert denied*, 547 U.S. 1069, 126 S.Ct. 1772, 164 L.Ed.2d 516 (2006). We affirm the district court's judgment as to Bushell–McIntyre's federal unlawful arrest and state false arrest claims, but reverse the judgment as to her federal excessive force and state unreasonable force claims. The parties are familiar with the facts and we do not repeat them here.

### I

■ Bushell–McIntyre argues that the district court improperly substituted its own factual and credibility findings for those of the jury in holding that Foster had probable cause to arrest her for battery. We disagree.

Foster had probable cause to arrest Bushell–McIntyre for battery because she touched his badge. *See* Cal.Penal Code § 242 (Deering 2007) (defining criminal battery); *People v. Collins*, 10 Cal.App.4th 690, 12 Cal.Rptr.2d 768, 770 & n. 2 (Ct. App.1992) (same). Bushell–McIntyre cannot succeed on her federal unlawful arrest claim because lack of probable cause is an element of unlawful arrest. *Lee v. City of L.A.*, 250 F.3d 668, 685 (9th Cir.2001). She cannot succeed on her state false arrest claim because nonsuit is proper when probable cause exists. Cal.Penal Code § 847(b)(1) (Deering 2007); *Ecker v. Raging Waters Group*, 87 Cal.App.4th 1320, 105 Cal.Rptr.2d 320, 328 (Ct.App.2001).

### II

■ Bushell–McIntyre argues that the district court improperly substituted its own factual and credibility findings for those of the jury in holding that Foster was entitled to qualified immunity from her federal excessive force and state unreasonable force claims. We agree.

### A

A defendant receives qualified immunity if the evidence submitted, when viewed in a light most favorable to the party asserting injury, shows that the defendant's conduct did not violate a federal right, or that if it did, the scope of that right was not clearly established at the time. *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir.2007). To determine whether a defendant is entitled to qualified immunity, we inquire into: (1) whether there was a constitutional violation; (2) if so, whether the constitutional violation was clearly established at the time; and (3) if so, whether the defendant could reasonably but mistakenly have believed that his conduct did not violate a clearly established right. *Id.*

Viewing the evidence in a light most favorable to Bushell–McIntyre, a reason-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

able jury could have concluded, and did conclude, that Foster committed a constitutional violation by using excessive force in arresting Bushell–McIntyre. The jury could have concluded that the amount of force was excessive because Foster applied a pain compliance control hold to Bushell–McIntyre, shoved her outside and slammed her against a car. *See id.* at 477 (discussing elements of excessive force). Foster took these actions even though Bushell–McIntyre was calm, sober and compliant. The jury could also have concluded that the amount of force was unreasonable under the circumstances because: (1) the crime at issue was not severe in that it involved only the slight touching of Foster's badge and occurred after repeated attempts to ask Foster for his badge number; (2) Bushell–McIntyre did not pose a threat to the officers or others; and (3) Bushell–McIntyre did not resist, but in fact complied with Foster's request that she leave the house. *See id.* (listing reasonableness factors).

This constitutional violation was clearly established at the time of the arrest. Force is justified only when there is a need for it. *Id.* at 481. Viewing the evidence in a light most favorable to Bushell–McIntyre, there was no need for it here.

Finally, viewing the evidence in a light most favorable to Bushell–McIntyre, a reasonable jury could have concluded that Foster's mistaken judgment about the amount of force he was authorized to use was not reasonable under the circumstances. Bushell–McIntyre was not belligerent or intoxicated. She touched Foster's badge only slightly and after his own attempts to conceal his badge number.

Foster was not entitled to qualified immunity from Bushell–McIntyre's federal excessive force claim.

**B**

A California unreasonable force claim is the counterpart of a federal excessive force claim. *Edson v. City of Anaheim,* 63 Cal. App.4th 1269, 74 Cal.Rptr.2d 614, 617 (Ct. App.1998). "'California denies immunity to police officers who use excessive force in arresting a suspect.'" *Blankenhorn,* 485 F.3d at 487 (citing *Robinson v. Solano County,* 278 F.3d 1007, 1016 (9th Cir. 2002)); *see also Venegas v. County of L.A.,* 153 Cal.App.4th 1230, 63 Cal.Rptr.3d 741, 755 (Ct.App.2007). As stated above, the jury could have concluded that Foster used unreasonable force to arrest Bushell–McIntyre.

Foster was not entitled to immunity, qualified or other, from Bushell–McIntyre's state unreasonable force claim.

**III**

We affirm the district court's judgment as to the federal unlawful arrest and state false arrest claims. We reverse the district court's judgment as to the federal excessive force and state unreasonable force claims. At trial, the jury awarded Bushell–McIntyre $100,000 for her state false arrest claim, $500 for her state unreasonable force claim and $100,000 for her combined federal unlawful arrest and excessive force claims.

We reinstate the jury's award of $500 for the state unreasonable force claim and $100,000 for the federal excessive force claim. The record does not indicate which portion of the $100,000 the jury awarded for unlawful arrest and which portion the jury awarded for excessive force. Although the district court combined the federal unlawful arrest and excessive force claims into one jury instruction, the City of San Jose waived any challenge to the instruction or ensuing award by failing to object to it at trial. *Image Tech. Servs. v. Eastman Kodak Co.,* 125 F.3d 1195, 1206

(9th Cir.1997). Bushell–McIntyre is entitled to receive the entire $100,000 for her federal excessive force claim.

Interest will run from the date of judgment. 28 U.S.C. § 1961(a). Costs on appeal are awarded to Bushell–McIntyre. *Democratic Party of Wash. State v. Reed,* 388 F.3d 1281, 1285 (9th Cir.2004).

**AFFIRMED in part, REVERSED in part.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.